[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12181
Non-Argument Calendar
_____

D.C. Docket No. 9:05-cr-80011-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD LEE RAZZ,
a.k.a. Kilo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 15, 2020)

Before BRANCH, GRANT, and FAY, Circuit Judges.

PER CURIAM:

Ronald Razz appeals the district court's denial of his motion for a sentence reduction under § 404 of the First Step Act. He argues that the district court (1) erred in determining that it lacked the authority to reduce his sentence of imprisonment below the applicable Sentencing Guidelines range or to reduce the term of supervised release imposed as part of his original sentence, and (2) abused its discretion by not properly considering the 18 USC § 3553(a) sentencing factors, particularly his postconviction conduct. Finding no reversible error, we affirm.

I.

In 2006, a jury found Razz guilty of maintaining drug-involved premises, 21 U.S.C. § 856 (Count 1); possession with intent to distribute at least 50 grams of crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 2), and possession with intent to distribute at least 5 grams of crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 3). Count 1 carried a statutory sentence of up to 20 years in prison followed by up to 3 years of supervised release. 21 U.S.C. § 856(b). Based in part on his multiple prior felony drug convictions, Razz faced a mandatory minimum life sentence followed by a minimum of ten years' supervised release on Count 2 and ten years to life in prison followed by at least eight years' supervised release on Count 3. 21 U.S.C. § 841(b)(1)(A)(iii) & (B)(iii) (2000). Because of the statutory minimum life sentence on Count 2, Razz's sentencing range under the Sentencing Guidelines was also life in prison.

2

The district court imposed a total sentence of life in prison, consisting of 20 years in prison followed by 3 years' supervised release on Count 1, life in prison followed by 10 years' supervised release on Count 2, and 30 years in prison followed by 8 years' supervised release on Count 3, all to be served concurrently. We affirmed Razz's convictions and sentences on appeal, and the Supreme Court denied his petition for certiorari. *United States v. Razz*, 240 F. App'x 844 (11th Cir.), *cert. denied*, 552 U.S. 1080 (2007).

In the years following his convictions, Razz filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and two motions to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), all of which were denied. He also filed an application for executive clemency, which President Obama granted in 2016. The clemency order commuted Razz's total sentence of imprisonment from life to 360 months, leaving intact "all other components of each respective sentence," including the three concurrent terms of supervised release.

In the meantime, Congress passed the Fair Sentencing Act of 2010, which effectively reduced the statutory penalties for certain drug-trafficking crimes involving crack cocaine. As relevant here, § 2 of the Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger the most severe penalties in 21 U.S.C. § 841(b) from 50 to 280 grams, and increased the quantity of crack required to trigger the intermediate penalties from 5 to 28 grams. Fair

Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372, 2372 (codified as amended at 21 U.S.C. § 841(b)(1)(A)(iii) & (B)(iii)).  Razz could not benefit from those changes at the time, however, because they were not made retroactive—until Congress passed the First Step Act in 2018.

Section 404 of the First Step Act authorizes a district court that imposed a sentence for a "covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  First Step Act, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (codified at 21 U.S.C. § 841 note).  A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act," that was committed before the Fair Sentencing Act became effective on August 3, 2010.  *Id.* at § 404(a), 132 Stat. at 5222.

Razz filed a counseled motion for a sentence reduction under the First Step Act.  He pointed out that the Fair Sentencing Act effectively reduced the statutory penalties for his offense in Count 2 from a mandatory minimum of life in prison and a minimum of ten years' supervised release to ten years to life in prison and a minimum of eight years' supervised release.  The Act also reduced the penalties for his offense in Count 3 from 10 years to life in prison and at least 8 years' supervised release to no more than 30 years in prison and at least 6 years'

4

supervised release.  The fact that the penalties for Count 2 no longer included a mandatory life sentence resulted in a lowered Guidelines range of 360 months to life in prison.

Razz attached documents to his motion showing that he had taken multiple classes, earned his GED and a commercial driver license, and received good work evaluations while in prison.  He informed the court that he planned to work as a fitness instructor and to start a lawn business after his release, and he asked the court to exercise its discretion to reduce his sentence.  In response, the government pointed out that Razz had been disciplined three times in prison for possessing or drinking alcohol, and it argued that his long criminal history and revised Guidelines range of 360 months to life, both relevant to 18 U.S.C. § 3553(a) sentencing considerations, weighed against reducing Razz's sentence.

The district court found that Razz's offenses in Counts 2 and 3 were covered offenses within the meaning of the First Step Act.  It also found, however, that Razz was nonetheless ineligible for a reduction in his sentence of imprisonment under the First Step Act because his commuted sentence of 360 months was at the bottom of his new Guidelines range.  The district court also determined that 18 U.S.C. § 3582(c)(1)(B), which permits district courts to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute," did not authorize a reduction in Razz's term of supervised release under the First Step Act.

5

In the alternative, the district court decided that even if it were authorized to reduce both components of Razz's sentence, it would not exercise its discretion to do so.  The court explained that it would not reduce Razz's sentence of imprisonment below 360 months "based on the offense conduct, Defendant's extensive criminal history as reflected in Paragraphs 33–62 of the PSR, the fact that he committed the instant offenses while on conditional release, and his disciplinary history while incarcerated."  The court further explained that it found Razz's current ten-year term of supervised release to be appropriate "based on the offense conduct, Defendant's extensive criminal history, and the fact that he committed the instant offenses while on conditional release."  Razz now appeals.

## II.

We review the question of whether the district court had the authority to reduce a prisoner's sentence under the First Step Act de novo.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review the district court's denial of an eligible prisoner's motion for First Step Act relief for an abuse of discretion. *Id.*

## III.

It is undisputed that Razz was sentenced for a "covered offense" and is eligible for a sentence reduction under the First Step Act.  First Step Act § 404(a); *see Jones*, 962 F.3d at 1301.  The parties also agree, as do we, that the district

court's authority to reduce a sentence that was imposed for a covered offense (1) extends to any term of supervised release that was imposed as part of the sentence, and (2) is not limited by the movant's revised Guidelines range. *See Mont v. United States*, 139 S. Ct. 1826, 1834 (2019) ("Supervised release is a form of punishment that Congress prescribes along with a term of imprisonment as part of the same sentence."); *Jones*, 962 F.3d at 1305 (remanding because the district court might have incorrectly concluded that it lacked the authority to reduce an eligible prisoner's sentence below his revised Guidelines range). The district court therefore erred in determining that its authority under the First Step Act was so limited.

But that is not the end of our analysis. "[W]e may affirm for any reason supported by the record." *United States v. Bane*, 948 F.3d 1290, 1294 (11th Cir. 2020) (alteration in the original) (citation omitted). Although the district court was authorized to reduce Razz's sentences on Counts 2 and 3, it was not required to do so. Section 404 of the First Step Act specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c). Here, the district court determined that even if it was authorized to reduce Razz's sentence, it would exercise its discretion to deny his motion. The court explained that its alternative ruling was based on Razz's offense conduct; his long criminal history, including multiple prior felony

7

convictions for other drug-trafficking crimes; the fact that he committed the instant offenses while on conditional release; and (with regard to his term of imprisonment) his three disciplinary citations for drinking alcohol while incarcerated.

Razz argues that in making its alternative ruling, the district court failed to properly consider the 18 U.S.C. § 3553(a) sentencing factors, particularly his "history and characteristics," § 3553(a)(1).[1] He argues that by focusing on his criminal history and offense conduct, the district court effectively ignored his (mostly) good postsentencing conduct and efforts to better himself in prison. Citing a Fourth Circuit case, Razz contends that the district court was required to provide a "more robust" and detailed explanation of why his "mountain of new mitigating evidence" and "exemplary" rehabilitative efforts did not warrant a sentence reduction. Appellant's Brief at 40 (quoting *United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019)). We do not agree.

As an initial matter, this Court has not yet decided in a published opinion whether district courts are *required* to consider all of the § 3553(a) sentencing

---

[1] The 18 U.S.C. § 3553(a) sentencing factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide needed correctional treatment; the kinds of sentences available; the Sentencing Guidelines range and pertinent policy statements of the Sentencing Commission; the need to avoid unwanted sentencing disparities; and the need to provide restitution to victims.

factors when deciding whether and to what extent to grant a sentence reduction under the First Step Act. *Cf. Jones*, 962 F.3d at 1304 (In ruling on a First Step Act motion, district courts "*may* consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." (emphasis added)). And we need not answer that question today, because Razz did not argue any such requirement in the district court. Instead, he argued only that the court was *permitted* to consider his postsentencing conduct in deciding whether to grant his motion and reduce his sentence. We have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *United States v. James*, 430 F.3d 1150, 1153 n.1 (11th Cir. 2005) (citation omitted), *overruled on other grounds by Johnson v. United States*, 576 U.S. 591 (2015).

In any event, even if we assume for the sake of argument that the district court was required to consider the § 3553(a) sentencing factors, it was not required to discuss its application of the factors on the record in the kind of detail that Razz advocates. In the context of a motion for sentence reduction under 18 U.S.C. § 3582(c)(2)—which explicitly directs courts to consider the § 3553(a) factors— we have held that a district court "commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into

account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). And where, as here, the parties discuss the applicable § 3553(a) factors in their briefing, the district court's statement that it has considered those submissions is sufficient to demonstrate that it took the statutory factors into account in making its decision. *See id.*; *United States v. Smith*, 568 F.3d 923, 927–28 (11th Cir. 2009).

Razz discussed his postsentencing conduct in his motion for a sentence reduction, claiming that he had been a "model prisoner" and urging the court to consider his rehabilitation efforts in the context of the § 3553(a) factors. The government also referenced the § 3553(a) factors in its response, arguing that Razz's revised Guidelines range (360 months to life) and disciplinary history while in prison weighed against any further reduction in his sentence. The district court explicitly stated in its order that it had considered the parties' submissions, and it described Razz's arguments regarding his efforts to better himself in prison. Ultimately, however, the court found that Razz's history as a lifelong criminal, his evident disregard for a supervising court's authority by committing the offenses at issue while on conditional release, and the fact that his prison disciplinary record was not spotless weighed against reducing either his term of imprisonment or his term of supervised release. This explanation of the court's decision was sufficient

under our precedents.  *See Smith*, 568 F.3d at 927–28; *Eggersdorf*, 126 F.3d at 1322.

   "District courts have wide latitude to determine whether and how to exercise their discretion" in the context of a First Step Act motion.  *Jones*, 962 F.3d at 1304.  Razz's argument boils down to a contention that the district court should have weighed his generally good behavior in prison more heavily than his almost uniformly bad conduct as a free man, when deciding whether to release him early.  But such weighing decisions are at the heart of the broad discretion afforded to district courts in making sentencing determinations.  *See, e.g., United States v. Rosales-Bruno*, 789 F.3d 1249, 1263 (11th Cir. 2015) ("Placing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history.").  Under the circumstances here, we cannot say that the district court's decision to deny Razz's motion for a reduction in his sentence constituted an abuse of the broad discretion granted to the court under the First Step Act.  Accordingly, we affirm.

   **AFFIRMED.**