**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Earl Thomas SMITH, Jr.,
Defendant–Appellant.**

**No. 93–5078
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 5, 1995.

Robert E. Adler, Asst. Federal Public Defender, West Palm Beach, FL, for appellant.

Kendall Coffey, U.S. Atty., Miami, FL, Ilona Holmes, Robert K. Senior, Linda Collins Hertz, Carol Herman, Asst. U.S. Attys., Ft. Lauderdale, FL, for appellee.

Before ANDERSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

The panel withdraws the previous panel opinion dated February 1, 1995, published at 43 F.3d 642, and substitutes therefor the following opinion:

Appellant Earl Thomas Smith, Jr., pled guilty to importing marijuana into the United States, in violation of 21 U.S.C.A. §§ 952(a) and 960 (West.Supp.1994). He raises two issues on appeal.

First, Smith contends that the district court erroneously attributed 544 kilograms of marijuana to him when he, along with the Government witness, testified that the marijuana was wet when weighed. Smith asserts that the Government never presented evidence concerning the weight of the dry marijuana. Rather, it left the district court to speculate the weight of the marijuana when dried. The Government counters that it weighed the marijuana three times over a five-month period and, on each occasion, the weight had been approximately 1,200 pounds. Moreover, it argues the district court credited the "objective" evidence of the marijuana weight over Smith's unsubstantiated testimony that the dampness of the marijuana accounted for one-half the weight the Government had determined.

A district court's determination of the drug quantity used to establish a base offense level is reviewed for clear error. *United States v. Carroll,* 6 F.3d 735, 742 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1234, 127 L.Ed.2d 577 (1994). The United States Sentencing Guidelines (U.S.S.G. or Guidelines) provide that, unless otherwise specified, the weight of a controlled substance, as set forth in the drug/quantity table, refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance. U.S.S.G. § 2D1.1(c)., (n*) (Drug Quantity Table) (Nov.1993). Marijuana is not otherwise specified, therefore the relevant weight is the entire weight of any mixture or substance containing a detectable amount of marijuana. It is clear from Application Note 1 in the Commentary to § 2D1.1 of the Guidelines that unusable parts of a mixture or substance should not be used in determining the entire weight of the sub-stance for sentencing purposes. U.S.S.G. § 2D1.1, comment. (n. 1). The government must prove the quantity of drugs by a preponderance of the evidence. *United States v. Taffe,* 36 F.3d 1047, 1050 (11th Cir.1994).

Prior to the effective date of Application Note 1, some courts approved weighing wet marijuana despite the fact that the marijuana was not in a usable condition. *See United States v. Pinedo–Montoya,* 966 F.2d 591, 595–96 (10th Cir.1992); *United States v. Garcia,* 925 F.2d 170, 172–73 (7th Cir.1991). In light of the holding in these cases, the Sentencing Commission recently proposed amending § 2D1.1 in order to ensure proper application of the Guidelines. The proposed amendment to the Commentary to § 2D1.1 states:

> [I]n the case of marihuana having a moisture content that renders the marihuana unsuitable for consumption without drying (this might occur, for example, with a bale of rain-soaked marihuana or freshly harvested marihuana that had not been dried), an approximation of the weight of the marihuana without such excess moisture content is to be used.

*Proposed Amendments to the Federal Sentencing Guidelines,* 56 Crim.L.Rep. (BNA) 2063, 2088, 2090. (Jan. 11, 1995).

Although this Court is not bound by the Sentencing Commission's proposed amendments to the Guidelines, we may use the proposals as subsequent legislative history to interpret the meaning of prior Application Notes. *Cf. United States v. Cruz,* 805 F.2d 1464, 1471 n. 8 (11th Cir.1986). The Sentencing Commission's proposal expressly disavows inclusion of the "moisture content [of marihuana] sufficient to render it unusable without drying" in determining its entire weight because "including the moisture in the weight of the marihuana can increase the offense level for a factor that bears no relationship to the scale of the offense or the marketable form of the marihuana." *Proposed Amendments,* 56 Crim.L.Rep. at 2088. Given the Commission's clarification of § 2D1.1, we hold that the district court improperly attributed 544 kilograms of marijua-

na, the weight while damp, to Smith.[1] We therefore remand for resentencing, in order for the district court to approximate the weight of the marijuana without the excess moisture content. *See id.*

As to the second issue, that the district court unreasonably found that Smith possessed a dangerous weapon while importing marijuana, the district court did not clearly err when it imposed a three-level enhancement for possessing a firearm.

AFFIRMED in part, REVERSED and REMANDED in part.

---

**1.** As Smith was sentenced in August 1993, the district court did not have the benefit of the November 1993 amendments to the Sentencing Guidelines, in particular Application Note 1 regarding unusable mixtures. Although we apply the Guidelines Manual in effect at the time of an offender's sentencing, U.S.S.G. § 1B1.11(a), we also are bound by the Guidelines amended commentary. *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1920, 123 L.Ed.2d 598 (1993).