United States Court of Appeals, Eleventh Circuit.

No. 96-8380

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Michael Southerland CARTER, Defendant-Appellant.

April 18, 1997.

Appeal from the United States District Court for the Southern
District of Georgia. (No. CR-592-2), B. Avant Edenfield, Chief
Judge.

Before TJOFLAT, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Michael Southerland Carter appeals the denial of his motion
for sentence reduction under 18 U.S.C. § 3582(c)(2). For the
reasons below, we vacate and remand.

FACTS:

Carter pled guilty in 1992 to one count of conspiracy to
possess marijuana with intent to distribute. The PSI found that
Carter was responsible for 950 kilograms of marijuana that he had
imported into Georgia from other states. Thus, the PSI assigned
Carter a base offense level of 30. After adding and subtracting
adjustments, the PSI calculated Carter's total adjusted offense
level to be 32. Carter fell in Criminal History Category I, and
thus his guideline sentencing range was 121 to 151 months.

At the sentencing hearing, Carter challenged the PSI's
quantity finding, arguing that it was based on the weight of wet
marijuana. He explained, through counsel, that the marijuana had
been soaked with water before transport to Georgia. Carter alleged

that he had to dry the marijuana before he could resell it, and he further claimed that the dried marijuana "didn't probably weigh half of what it weighed in its wet-down form." The court credited Carter's allegations, but held that the weight to be used in calculating his base offense level was the marijuana's gross weight, which included the weight of the water. Thus, the court adopted the PSI's factual findings and guideline calculations.

The district court initially sentenced Carter to 135 months' imprisonment. Pursuant to a government motion under U.S.S.G. § 5K1.1, however, the court later departed downward to 97 months' imprisonment to reflect Carter's substantial assistance in criminal prosecutions. Subsequently, the government filed a motion under Federal Rule of Criminal Procedure 35(b) to further reduce Carter's sentence in acknowledgment of his continued assistance in prosecutions. The district court granted this motion and reduced Carter's sentence to 80 months' imprisonment.

Effective November 1, 1993, the Sentencing Commission amended the guidelines to provide that a controlled substance's weight for sentencing purposes "does not include materials that must be separated from the controlled substance before the controlled substance can be used." U.S.S.G.App. C, amend. 484 (codified as U.S.S.G. § 2D1.1, comment. (n. 1)). The Commission authorized retroactive application of this amendment. U.S.S.G. § 1B1.10(a), (c), p.s.

Effective November 1, 1995, the Commission amended the guidelines again to clarify the language added by the previous amendment. This new amendment expressly provided that a court

should approximate the dry weight of marijuana that is too wet to consume.  U.S.S.G.App. C, amend. 518 (codified as U.S.S.G. § 2D1.1, comment. (n. 1)).  Unlike the previous amendment, however, this new amendment was not made retroactive.  *See* U.S.S.G. § 1B1.10(a), (c), p.s.

In light of these amendments, Carter brought a motion for sentence reduction under 18 U.S.C. § 3582(c)(2), seeking to have his sentence recalculated based on the dry weight of the marijuana.  Carter again argued that the PSI's quantity finding was based on the wet weight of the marijuana, and alleged that the dry weight of the marijuana was less than half the wet weight.  He also asserted that three government witnesses—Vernon Smith, J.W. Edwards, and Johnny Johnson—could verify his claims.

The district court denied relief.  After reviewing Amendments 484 and 518, the court concluded that it was unclear whether retroactive recalculation of dry marijuana weight was authorized.  Nevertheless, the court assumed, without deciding, that Carter was eligible for such relief under Amendment 484.  The Court also credited Carter's allegation that the PSI's quantity finding was based on the wet weight of the marijuana.  Because this case involved an "historical drug conspiracy" and little marijuana had been seized, however, the court found that "it would be impossible to estimate the weight of the dried marijuana."

Carter appeals the denial of his motion.

DISCUSSION:

Carter contends that the district court erred in denying his motion. Citing  *United States v. Smith,* 51  F.3d  980  (11th

Cir.1995), Carter argues that he is clearly entitled to the retroactive benefit of Amendments 484 and 518. He further argues that the district court should hold an evidentiary hearing to determine the dry weight of the marijuana.

Without addressing the retroactivity of Amendment 484, the government contends that Amendment 518 is not retroactive. The government further contends that, even if Amendment 518 is retroactive, the district court did not abuse its discretion in denying Carter's motion. The government argues, *inter alia,* that no evidence can be adduced concerning the dry weight of the marijuana. Finally, the government asserts that Carter defaulted on this claim by failing to raise it on direct appeal.

In reply, Carter argues, *inter alia,* that the dry weight of the marijuana may be "difficult" to estimate, but that it is not "impossible."

The government failed to raise its procedural-default argument below, and thus the issue is waived for purposes of appeal. *Hansen v. United States,* 956 F.2d 245, 247 (11th Cir.1992).

*ISSUE 1: Whether Carter is eligible for a sentence reduction*

In cases where the defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the district court may reduce the term of imprisonment if such a reduction is consistent with the applicable policy statements issued by the Commission. 18 U.S.C. § 3582(c)(2). According to the applicable guidelines policy statement, a defendant is eligible for retroactive application of

a subsequently enacted guideline amendment if the amendment is listed in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10(a), p.s.

Amendment 484, which established the initial rule excluding unusable materials from drug weight, is among the amendments listed in § 1B1.10(c). Amendment 518, which clarified this rule with respect to wet marijuana, is not listed. Thus, Carter is eligible for relief only if Amendment 484 is interpreted as excluding water from the weight of marijuana.

In *United States v. Smith,* 51 F.3d 980 (11th Cir.1995), this Court interpreted Amendment 484's language as requiring a sentencing court to approximate the dry weight of marijuana that is too wet to consume. 51 F.3d at 981-82. The Court cited Amendment 518—which was then pending before Congress—as support for this interpretation. *Id.* at 981. Nevertheless, the Court merely used Amendment 518 as "subsequent legislative history." *Id.* The actual language that the Court interpreted to require exclusion of water weight was that of Amendment 484.

Thus, *Smith* appears to authorize the relief that Carter seeks.

*ISSUE 2: Whether the district court abused its discretion in denying Carter a sentence reduction*

The decision whether to retroactively apply an amendment to a particular defendant is a matter within the discretion of the district court. *United States v. Vazquez,* 53 F.3d 1216, 1227-28 (11th Cir.1995).

When determining whether to reduce the defendant's sentence, the court should consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable." 18 U.S.C. § 3582(c)(2). The court is not required to make specific findings

regarding the applicability of each § 3553(a) factor, but it should state the reasons for its ruling. *See United States v. Dorrough,* 84 F.3d 1309, 1311 (10th Cir.1996), *cert. denied* --- U.S. ----, 117 S.Ct. 446, 136 L.Ed.2d 342; *cf. United States v. Parrado,* 911 F.2d 1567, 1572-73 (11th Cir.1990) (a district court is not required to rule on the applicability of each particular § 3553(a) factor when imposing sentence, but it should tailor its comments to show that the sentence imposed is appropriate in light of the these factors), *cert. denied,* 498 U.S. 1104, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991). The court should also consider the sentence it would have imposed had the amendment been in effect at the time the defendant was sentenced. U.S.S.G. § 1B1.10(b), p.s.

Here, the district court provided only one reason for denying Carter's motion: it found that estimating the dry weight of the marijuana would be "impossible." The record does not support this finding. Although the actual marijuana is not available to weigh, there are witnesses who can testify concerning the degree of weight reduction that drying entailed. Carter himself is such a witness. Furthermore, the PSI indicates that Carter had partners in his marijuana business. These individuals may be able to testify in support or contradiction of Carter's allegations. Finally, Carter's motion identified three witnesses that allegedly could verify his claims.

Thus, because the district court erred in concluding that it would be impossible to estimate the marijuana's dry weight, we vacate and remand.

VACATED and REMANDED.