United States Court of Appeals,

Eleventh Circuit.

No. 96-4245.

UNITED STATES of America, Plaintiff-Appellee,

v.

Carl John EGGERSDORF, Defendant-Appellant.

Nov. 4, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 90-6029-CR-JAG), Jose A. Gonzalez, Jr.) Judge.

Before EDMONDSON, Circuit Judge, and KRAVITCH and WOOD*, Senior Circuit Judges.

EDMONDSON, Circuit Judge:

Defendant Carl Eggersdorf (Defendant) pled guilty to possession with intent to distribute at least 10 plants. At the time of Defendant's sentencing, the pertinent sentencing guideline provided that one marijuana plant was equivalent to one kilogram of marijuana, when fifty or more plants were involved. *See* U.S.S.G. § 2D1.1(c), n.* (November 1, 1990). The number of plants seized from Defendant was disputed; but for sentencing purposes, Defendant and the government agreed that Defendant would be held accountable for "more than 100 but less than 400." Defendant's guideline range, therefore, was 63 to 78 months. The court also noted that, had the guideline range been less than 60 months, the statutory mandatory minimum would have applied: Defendant's offense involved more than 100 plants.[1] The district court sentenced Defendant to 63 months in prison; he appealed to this court, and we affirmed.

In November 1995, the Sentencing Commission (the Commission) amended U.S.S.G. § 2D1.1(c) to provide that each marijuana plant would be the equivalent of 100 grams, instead of one kilogram, of marijuana and designated that the amendment have retroactive effect. Defendant then

---

*Honorable Harlington Wood, Jr., Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

[1]The statute imposes a sentence of 60 months for any offense involving more than 100 plants, regardless of weight.

filed this motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that his sentence under the new guideline would only be 27 to 33 months. The government argued that the statutory minimum would still apply, maintaining his sentence at a level of at least 60 months. The government pointed out that the district court had the discretion to resentence the defendant from 63 to 60 months but encouraged the court not to do so based on the facts and circumstances of the case. Then, the district court—after it reviewed the motions, the Government's January 12, 1996 Opposition to Defendant's Motion for Modification of Sentence, the record, and being otherwise duly advised—declined to resentence Defendant, and Defendant appealed.

*Discussion*

I. *Amendment 516*

Defendant argues that, in the light of the Commission's Amendment 516—an amendment of U.S.S.G. § 2D1.1(c) that reduces the weight attributable to a marijuana plant—his sentence should have been recalculated and lowered. He contends that the guideline amendment constructively alters the effect of 21 U.S.C. § 841(b)(1)(B), which requires a five year term of imprisonment for a person convicted of an offense involving "100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, *or 100 or more marijuana plants regardless of weight.*" (emphasis added). Defendant essentially says that the amendment—and Congress's endorsement of it—demonstrates the Commission's and Congress's belief that the previous weight levels for calculations were too rigid and resulted in unfairly harsh sentences: In other words, the statutory minimum has been, in effect, changed to reflect the intent and purpose of the guideline amendment.

Regardless of the guideline amendment, the language of the statutory minimum is clear and has been unaltered by Congress. The statute controls in the event of a conflict between the guideline and the statute. *United States v. LaBonte,* --- U.S. ----, ----, 117 S.Ct. 1673, 1677, 137 L.Ed.2d 1001 (1997). And the statute plainly states that the five-year mandatory minimum sentence applies in cases involving 100 plants or more, *regardless of weight.* As one court summarized:

2

> Although the inconsistency between the amended guideline and the statute produces a seemingly arbitrary disparity and results in a dual system between the guidelines and the statute, Congress' acquiescence to the guideline cannot alter the explicit language of the statute, which imposes a mandatory minimum sentence for violations involving one hundred or more plants "regardless of weight." The eradication of this anomaly requires Congressional action, not judicial legerdemain, to bring the statutory quantities into line with the guidelines.

*United States v. Emigh,* 933 F.Supp. 1055, 1057-58 (M.D.Fla.1996) (internal citation omitted).

Of the circuit courts to consider this specific issue, all have agreed that Amendment 516 does not affect the statutory minimum sentence. *See United States v. Mullanix,* 99 F.3d 323, 324 (9th Cir.1996); *United States v. Marshall,* 95 F.3d 700, 701 (8th Cir.1996); *United States v. Silvers,* 84 F.3d 1317, 1325 (10th Cir.1996); *see also United States v. Gonda,* 99 F.3d 1140 (6th Cir.1996) (unpublished opinion).

Defendant's reliance on *United States v. Munoz-Realpe,* 21 F.3d 375 (11th Cir.1994), is misplaced. In *Munoz-Realpe,* this court was faced with the question of whether an amendment to the guideline's definition of cocaine base should affect calculations under the mandatory minimum statute, despite a previous—and different—pronouncement by this court of the definition of "cocaine base" as used in the statute. In determining that the guideline applied, and not the court's prior definition, we wrote:

> When the Sentencing Commission proposes an amendment to the Guidelines themselves (as opposed to commentary or other explanatory matter), the amendment is first submitted to Congress, which may act to disapprove or change the proposed amendment within a specified time (at least 180 days). 28 U.S.C. § 994(p). If Congress takes no action, the amendment becomes effective. *Id.* By allowing the amendment to take effect, Congress has given its imprimatur to the new definition of "cocaine base"; Congress indicated that it intends the term "cocaine base" to include only crack cocaine. Because Congress has provided this new definition, we think it is proper for us to look to the Guidelines in determining the meaning of "cocaine base" in the mandatory minimum statute, especially since both provisions seek to address the same problem.

*Munoz-Realpe,* 21 F.3d at 377-78.

The crucial distinction, however, between *Munoz-Realpe* and our situation is that the statute at issue in that case did not define the term "cocaine base"; in enacting the mandatory minimum statute, Congress failed to fill in this blank. The *Munoz-Realpe* decision recognized that Congress's decision to allow the term "cocaine base"—which was previously undefined—to be defined by the

3

Commission was the best evidence of Congress's intent. *Munoz-Realpe,* 21 F.3d at 378 n. 6 ("[W]e suggest that Congress has approved a particular definition of cocaine base in one context, which has persuasive force as to Congress' intended definition of the same term in a similar context.").[2]

In contrast, no such ambiguity or "blanks" exist in the statute at issue here. Because the statute's language is plain, the alternative interpretations should have no effect. *See Emigh,* 933 F.Supp. at 1057. We conclude that Amendment 516 did not constructively alter the mandatory minimum statute; the statutory minimum, therefore, is applicable to Defendant's sentence.

II. *Resentencing*

Defendant also contends that, even if the mandatory minimum applies, the district court abused its discretion in refusing to resentence Defendant to the mandatory minimum sentence—60 months—without articulating reasons or factual findings. The government responds that it is clear from the record as a whole that the district court considered all of the section 3553(a) factors[3] and urges that the district court's decision should be affirmed on this basis.

---

[2]In *United States v. Pope,* 58 F.3d 1567 (11th Cir.1995), this court addressed a similar ambiguity. In that case, an amended guideline directed the courts to disregard the weight of a LSD-carrier medium for calculating the weight of the drug for purposes of the guideline's drug-quantity table and, instead, to treat each dose of LSD on the carrier medium as equal to .4 milligrams of LSD. The question before us was how—if at all—the amended guideline's construction of the phrase "mixture or substance containing a detectable amount of [LSD]" should affect the calculation of weight under the statute imposing mandatory minimum sentences, which used identical language. Complicating the issue was a Supreme Court decision—*Chapman v. United States,* 500 U.S. 453, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991)—announced before the guideline's amendment, interpreting section 841(b) to require the inclusion of the entire weight of the carrier medium. Because the term "mixture or substance" was not self-defining, we had to choose between the Supreme Court's previous construction and the guidelines definition. We held that the Supreme Court's constructions of the undefined term trumped the guidelines for the purposes of the mandatory minimum statute. *Pope,* 58 F.3d at 1570-72. The Supreme Court ultimately reached the same conclusion in *Neal v. United States,* --- U.S. ----, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996).

[3]The factors to be considered under section 3553(a) include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

When a sentencing guideline is amended and given retroactive effect, the district court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," may reduce a previous sentence under the amendment "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The law permits, but does not require, the district court to resentence a defendant. *United States v. Vazquez,* 53 F.3d 1216, 1227-28 (11th Cir.1995).

In this circuit, we have not resolved the question of what findings—if any—a district court must make to explain its decision not to resentence a defendant. In *United States v. Brown,* 104 F.3d 1254, 1255 (11th Cir.1997), however, we intimated that detailed findings were probably unnecessary:

> At least two other circuits, however, have held that specific findings are not required. *United States v. Dorrough,* 84 F.3d 1309, 1311 (10th Cir.), *cert. denied,* --- U.S. ----, 117 S.Ct. 446, 136 L.Ed.2d 342 (1996); *United States v. LaBonte,* 70 F.3d 1396, 1411-12 (1st Cir.1995), [*rev d on other grounds,* --- U.S. ----, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997) ]. Those courts considered it sufficient that the sentencing court had stated the reasons for its action, *Dorrough,* 84 F.3d at 1311, or that the record clearly demonstrated the judge had considered the section 3553(a) factors, *LaBonte,* 70 F.3d at 1411.

Now, we decide that a district court commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court.

Neither our recent decision in *United States v. Carter,* 110 F.3d 759 (11th Cir.1997), nor the cases cited therein, contradicts this view. In *Carter,* we said that, when determining whether to reduce the defendant's sentence, "[t]he court is not required to make specific findings regarding the applicability of each § 3553(a) factor, but it should state the reasons for its ruling." *Id.* at 761. If to state means to set forth fully and formally, we read *Carter* as not creating a mandatory rule, but as merely suggesting a preferred practice.[4]

---

[4]More important, the pertinent language in *Carter* is dicta—not necessary to deciding the case then before us. There, the district court did provide a reason for refusing to resentence—that estimating the dry weight of the marijuana involved would be impossible. Nonetheless, we vacated and remanded *not* because the district court failed to state a reason adequately, but instead, because the district court s expressed finding was unsupported by the record. *Carter*

In *United States v. Parrado,* 911 F.2d 1567 (11th Cir.1990), we held, reviewing the record as a whole, that the district court did not abuse its discretion in sentencing the defendant—in contrast to resentencing, which is at issue in our case—because it had adequately given its reasons. *Id.* at 1572-73.

> [W]e conclude that a sentencing court should—when stating its reasons for imposing a particular sentence as required by § 3553(c)—tailor its comments to show that the sentence imposed is appropriate, given the factors to be considered as set forth in § 3553(a). *This does not mean that a sentencing court must "incant the specific language used in the guidelines" which applies to each reason given, nor does it mean that a court must state that a particular factor is not applicable in a particular case ....* [A] sentencing court should be mindful of the "factors to be considered in imposing a sentence" when explaining its reasons for imposing a particular sentence and should tailor its statement accordingly.

*Id.* (emphasis added) (internal citation omitted).

Here, although the district court's order denying resentencing is short, we believe, based on the record as a whole, that the district court has enunciated sufficient reasons for its order denying resentencing.[5] The district court stated that it had "reviewed the motions, the Government's January 12, 1996 Opposition to Defendant's Motion for Modification of Sentence, the record, and being otherwise duly advised...." Defendant's Motion for Modification of Sentence set out the pertinent section 3553(a) factors word for word. The Government's Opposition, cited by the district court, requested that the court deny the defendant's motion "in light of the number of plants he possessed, the fact that he was growing them at two locations and his criminal history...."[6] These three elements are all relevant to the first factor of the section 3553(a) inquiry: "the nature and

---

110 F.3d at 762.

[5]In *Parrado,* we endorsed the idea of making the abuse of discretion determination based on a review of the whole record. 911 F.2d at 1573 (transcript of sentencing hearing, taken together with court's closing remarks, provided sufficient statement of court's reasons for imposing sentence at top end of range).

[6]The police found a total of 377 marijuana plants in two separate locations. Because some of the plants were seedlings, the parties stipulated for sentencing purposes that there were at least 100 plants but less than 400. Also, Defendant's criminal history included multiple counts of grand theft, display of a fictitious driver's license, and violation of probation.

circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Especially considering that the district court's final order specifically referenced the Government's Opposition, which in turn cited specific elements that were relevant to the necessary section 3553(a) inquiry and that were supported by the record, we conclude that the district court has provided sufficient reasons for its decision to deny resentencing. Other courts have adopted a similar approach. In *LaBonte,* the First Circuit rejected a defendant's contention that the district court abused its discretion by failing to reweigh the section 3553(a) factors in resentencing. 70 F.3d at 1411-12. As the court wrote:

> The problem with this remonstrance lies in its premise. The district judge presided over [the defendant's] case from the outset. He possessed great familiarity with the odious nature of the offense of conviction.... *Having sentenced [the defendant] originally, he knew the intimate details of [the defendant's] criminal history.* At the hearing on the motion to resentence, the judge listened to arguments that zeroed in on the very factors that [the defendant] now claims were overlooked. *In the end, [the defendant's] argument invites us to elevate form over substance. ... Where, as here, it is clear that the sentencing judge has considered the section 3553(a) factors, we will not interpose a further requirement that he make explicit findings as to each and all of those factors.* ... On this record, it strains credulity to suggest that the district court neglected to take account of statutorily required items in its decisionmaking process.

*Id.* (emphasis added) (internal citations omitted).

As in *LaBonte,* the same district court judge who sentenced Defendant originally was the one who declined to resentence him. We join our sister circuit in refusing to elevate form over substance and conclude that when—as here—the record shows that the district court considered the pertinent section 3553(a) factors, the district court does not abuse its discretion in declining to detail its determinations.

AFFIRMED.