[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11377
Non-Argument Calendar

_____

D. C. Docket No. 05-00125-CR-J-32-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARVIN ROWNELL JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 17, 2008)**

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Arvin Rownell Johnson, proceeding pro se, appeals the district court's denial

of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On

appeal, Johnson argues that the district court was permitted to lower his sentence under 18 U.S.C. § 3582(c)(2) because the mandatory statutory minimum term of imprisonment is no longer a bar now that he is eligible for a reduced sentence based on Amendment 706, which reduced the offense levels in crack cocaine cases. After careful review, we affirm.

"In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotations omitted).  Section 3582(c)(2) prohibits a court from modifying a term of imprisonment after it has been imposed except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1) (Supp. May 1, 2008).  Amendment 706, which reduced the offense levels in crack cocaine cases calculated pursuant to § 2D1.1(c) by two levels, became effective November 1, 2007. See U.S.S.G. App. C, Amend. 706 (2007).  The Amendment was made retroactive as of March 3, 2007, by incorporation into U.S.S.G. § 1B1.10(c). See U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).

A defendant whose original sentence ultimately was based on something other than the offense level calculation under § 2D1.1 is precluded from receiving a sentence reduction, because the amendment does not have the effect of lowering the applicable Guideline range. See U.S.S.G. § 1B1.10(a)(2)(B) (Supp. May 1, 2008). This occurs where, as here, the defendant was sentenced to a statutory mandatory minimum sentence. See U.S.S.G. § 1B1.10, comment. (n.1(A)) (Supp. May 1, 2008) (noting that defendant is not eligible for reduction, even if amendment is listed in subsection (c), if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).") (emphasis added); see also United States v. Eggersdorf, 126 F.3d 1318, 1320 (11th Cir. 1997) ("The statute controls in the event of a conflict between the guideline and the statute.").

In this case, the district court did not err by finding that it lacked authority to reduce Johnson's sentence under § 3582(c)(2) and Amendment 706. The court at the original sentencing varied downward to the mandatory statutory minimum of 120 months' imprisonment, the shortest term permitted by the penalty statute. Thus, a further reduction is not permitted.

AFFIRMED.