[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 27, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15887
Non-Argument Calendar

_____

D. C. Docket No. 05-00005-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK GLEN GRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 27, 2009)**

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Frederick Glen Gray appeals the district court's denial of his motion to

reduce his 96-month sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines.[1]

Gary was convicted of a crack cocaine offense. Although his guidelines range was initially 262 to 327 months' imprisonment, he faced a statutorily enhanced sentence under 21 U.S.C. § 841(b)(1)(A) due to his prior felony convictions, and his guidelines range became life imprisonment. After the court granted the government's U.S.S.G. § 5K1.1 motion, it sentenced Gary to 96 months' imprisonment. Gary subsequently filed a motion for reduction of sentence under 18 U.S.C. § 3582(c) based on Amendment 706. In denying the motion, the district court stated, "[t]he defendant has already received an unusually large reduction in sentence: from Mandatory Life to 96 months. No further reduction is required or appropriate." This appeal followed.

Gray argues that the district court's order denying his § 3582(c)(2) motion is too ambiguous to allow for meaningful appellate review because it is unclear whether the court found that (1) it lacked discretion to reduce his sentence because Gray was unqualified, or alternatively, (2) it did have discretion to reduce his sentence, but chose not to do so.

In the § 3582(c)(2) context, we review "de novo the district court's legal

_____

[1] Amendment 706 reduced by two levels the § 2D1.1(c) offense levels in crack cocaine cases and became effective November 1, 2007. See U.S.S.G. App. C, Amend. 706.

conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). Once eligibility under § 3582(c)(2) has been established, however, we review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). We may affirm the district court on any basis supported by the record. Watkins v. Bowden, 105 F.3d 1344, 1353 n.17 (11th Cir. 1997).

In deciding whether to grant or deny a motion to reduce a sentence under § 3582(c)(2), the preferred practice is for a district court to state the reasons for its rulings. See United States v. Carter, 110 F.3d 759, 761 (11th Cir. 1997); United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). When a district court fails to provide sufficient reasons for its denial of a § 3582(c)(2) motion to reduce sentence, and as a result, we cannot engage in meaningful appellate review, we will vacate the sentence and remand for the district court to state sufficient reasons for its ruling. On the other hand, if meaningful appellate review is possible, remand is unnecessary.

Under § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant if that defendant "has been

sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 706 was made retroactive effective March 3, 2008, by incorporation into § 1B1.10(c). See U.S.S.G. App. C, Amend. 713.

In evaluating a § 3582(c)(2) motion, the court must first determine the new base offense level under the guideline amendment, leaving intact all other original guideline application decisions, and then must decide whether it will exercise its discretion to impose the newly calculated sentence or retain the original sentence. See United States v. Bravo, 203 F.3d 778, 780-81 (11th Cir. 2000). When, however, a defendant is not eligible for a sentencing reduction as a matter of law, a district court does not have to recalculate a defendant's amended guideline range or consider the § 3553(a) factors.

This court recently addressed and rejected Gray's argument, holding that because "the statutorily required minimum sentence effectively displaces the shorter sentence and becomes the guideline sentence for the individual," Amendment 706 does not apply, as "the court's point of departure [for purposes of applying the § 5K1.1 downward departure] [does] not shift as a result of the amendment's lowering of the crack offense levels." United States v. Williams, 549

4

F.3d 1337, 1340 (11th Cir. 2008).

Upon review, we conclude Gray is ineligible for a § 3582(c)(2) sentence reduction because Amendment 706 does not effectively reduce his applicable guideline range, as his statutory minimum sentence remains life imprisonment. Although the district court's order is ambiguous as to why the court denied the reduction, the order does not preclude us from conducting meaningful review because, regardless of how the order is interpreted, Gray was ineligible for a sentence reduction as a matter of law. Accordingly, we affirm the district court's denial of Gray's § 3582(c)(2) motion for a sentence reduction.

**AFFIRMED.**