[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2009
THOMAS K. KAHN
CLERK

No. 08-17192
Non-Argument Calendar

_____

D. C. Docket No. 95-00022-CR-JOF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE WENDAL MICHAEL NAIRNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 16, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Kyle Wendal Michael Nairne appeals the district court's order granting in part and denying in part his motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

**I.**

In 1995, Nairne pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute crack cocaine, also in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in relation to a drug-trafficking offense, in violation of 18 U.S.C. § 924(c).

The probation officer prepared a pre-sentence investigation report ("PSI") and determined that Nairne was responsible for 1,015 grams of powder cocaine and 1,425 grams of crack cocaine, which, after being converted into a total marijuana equivalent of 28,703 grams, gave him a base offense level of 36. The probation officer applied a 2-level enhancement for possession of a firearm, giving Nairne a total offense level of 38. The probation officer then determined that Nairne had four criminal history points, giving him a criminal history category of III. One of these criminal history points was based on a 1990 conviction for providing a false name to a law enforcement officer and the unlawful use of a driver's license. Nairne also received two criminal history points for committing

the instant offense while on probation for an unrelated offense.

At sentencing, the court did not apply the 2-level firearm enhancement, which reduced Nairne's total offense level to 36 and gave him an applicable guideline range of 235 to 293 months' imprisonment. The court ultimately sentenced Nairne to 235 months' imprisonment on Counts 1 and 2 and imposed a consecutive sentence of 60 months' imprisonment on Count 3. We affirmed Nairne's convictions and sentences on direct appeal.

On May 27, 2008, Nairne, through counsel, filed the instant motion for a sentencing reduction, pursuant to 18 U.S.C. § 3582(c)(2). Nairne argued that he was eligible for a reduction because Amendment 706 reduced his offense level from 36 to 34. Nairne also filed a brief in support of the motion, in which he argued that his criminal history category should have been I, rather than III, because he should not have received a criminal history point for the 1990 conviction, and he should not have received two criminal history points for committing the instant offense while on probation. Nairne acknowledged that U.S.S.G. § 1B1.10 precluded the court from revisiting his original criminal history calculations, but he argued that, after Booker,[1] this policy statement was no longer binding. Alternatively, he argued that the court should consider "the clear error in

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

3

his Criminal History Category" as a factor under 18 U.S.C. § 3553(a).

The district court agreed that Nairne was eligible for a sentencing reduction, as Amendment 706 lowered his guideline range to 188 to 235 months' imprisonment for Counts 1 and 2. After stating that it had considered the § 3553(a) factors, the court re-sentenced Nairne to 188 months' imprisonment on those two counts. However, the court "otherwise [left] all other components of the sentence as originally imposed" and declined to "reconsider the entirety of Defendant's sentence under a Booker theory because Section 3582(c)(2) does not contemplate the full resentencing of a defendant."

## II.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Any such reduction, however, must also be consistent with the Commission's applicable policy statement found at U.S.S.G. § 1B1.10. Id.

## III.

In this case, the parties do not dispute that, by lowering his base offense level, Amendment 706 reduced Nairne's applicable guideline range and rendered him eligible for a sentencing reduction. Although the district court reduced Nairne's sentence to the low-end of his amended guideline range, Nairne challenges the calculation of that amended guideline range on appeal. Specifically, he contends that the court erred by not reconsidering his original criminal history calculations.

However, the district court correctly recognized that it was prohibited from doing so in a § 3582(c)(2) proceeding, as § 1B1.10 provides that "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Nairne's contention that Booker rendered § 1B1.10 advisory is without merit, as we have recently held "that a district court is bound by the limitations on its discretion imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission." United States v. Melvin, 556 F.3d 1190, 1190 (11th Cir. 2009) (emphasis added), cert. petition filed, (U.S. Feb. 10, 2009) (No. 08-8664). Thus, the district court correctly concluded that it lacked authority to reconsider Naire's original criminal history calculations. As a result,

5

Nairne's argument that his reduced sentence was unreasonable is without merit.

Finally, Nairne asserts that the court's failure to reconsider his original criminal history calculations violated his due process right to be sentenced based on accurate and reliable information. Because Nairne raises this argument for the first time on appeal, we review it for plain error. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Under this standard, "we may not correct the error unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation omitted).

On appeal, Nairne has not cited any binding authority establishing that his due process rights were violated by the court's failure to reconsider his original criminal history calculations.[2] Thus, he cannot show plain error on this point. See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) ("It is the law of this circuit that . . . there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving [an issue]."). Accordingly, we affirm.

---

[2] Nairne relies only on United States v. Carter, 110 F.3d 759 (11th Cir. 1997), and United States v. Espnioza, 481 F.2d 553 (5th Cir. 1973), both of which are patently distinguishable.

**AFFIRMED.**