[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10888
Non-Argument Calendar
_____

D.C. Docket No. 0:98-cr-06155-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CRAIG FRAZIER,
a.k.a. Chicken Man,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 9, 2012)

Before BARKETT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Craig Frazier, through counsel, appeals the district court's denial of his

motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  On appeal, Frazier argues that the district court's order failed to indicate whether the court's denial was based on lack of authority to reduce his sentence or as an exercise of discretion.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission."  *Id*.   Amendment 750 to the Sentencing Guidelines amended the drug quantity table in U.S.S.G. § 2D1.1(c) to reduce offense levels in crack cocaine cases by two levels.  *See* U.S.S.G. App. C, Amend. 750 (2011).[1]

In deciding a § 3582(c)(2) motion, our precedent makes clear that "the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guidelines range, and then using that new base level to determine what ultimate sentence it would have imposed."  *United States v. Bravo*, 203 F.3d 778,

---

[1]Amendment 750 was made retroactive by Amendment 759, effective November 1, 2011. See id., Amend. 759 (2011).  Amendment 750 is listed in U.S.S.G. § 1B1.10(c).  See U.S.S.G. § 1B1.10(c).

780 (11th Cir. 2008). The court must then decide, after analyzing the § 3553(a) factors, whether to impose the amended sentence on the defendant. *Id.* at 781.

Here, the district court's order consisted of a pre-written form that contained the following language:

> Upon motion of ☐ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set for th in 18 U.S.C. § 3553(a), to the extent they are applicable, IT IS ORDERED THAT the motion is: ☐ DENIED. . .

There is no indication on this form that the court actually conducted the required recalculation under the amended guidelines. Furthermore, while it is true that the district court need not "articulate specifically the applicability–if any–of each of the § 3553(a) factors," "the record [must] demonstrate[] that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997).

Upon review of the record and consideration of the parties' briefs, we therefore vacate and remand for the district court to conduct the required recalculation.

**VACATED AND REMANDED.**

3