**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marcos GAMINO, Defendant–Appellant.**

No. 15–11640
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 12, 2016.

Wifredo A. Ferrer, Jonathan E. Lopez, Daya Nathan, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Marcos Gamino, Coleman, FL, pro se.

Before WILLIAM PRYOR, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Marcos Gamino, a federal prisoner proceeding *pro se* and serving a 295–month sentence stemming from six convictions for attempt and conspiracy to commit a cocaine-trafficking offense and Hobbs Act robbery, appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under Amendment 782 to the Sentencing Guidelines. Gamino contends the district court failed to demonstrate that it considered all of the 18 U.S.C. § 3553(a) sentencing factors, particularly those that supported a sentence reduction. After review,[1] we affirm.

The district court[2] satisfied the two-step test by first determining that Gamino was eligible for a sentence reduction under Amendment 782 and second declining to reduce Gamino's sentence. *See United States v. Bravo,* 203 F.3d 778, 780, 781 (11th Cir.2000). The district court's failure to specifically discuss the § 3553(a) factors upon which Gamino's motion relied is not a basis for reversal "as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf,* 126 F.3d 1318, 1322 (11th Cir.1997). The order specifically states that the district court considered Gamino's motion, the Government's response, and the § 3553(a) factors and that the district court denied the motion due to "the seriousness of the offense and the participation of [Gamino]." Notwithstanding Gamino's desire that the district court weigh the § 3553(a) factors differently, the record demonstrates that the district court considered the pertinent factors. *See Eggersdorf,* 126 F.3d at 1322–23; *cf. United States v. Langston,* 590 F.3d 1226, 1237 (11th Cir.2009) ("We do not reweigh relevant factors....").

**AFFIRMED.**

---

1. We review for abuse of discretion a district court's decision to grant or deny a § 3582(c)(2) sentence reduction. *United States v. James,* 548 F.3d 983, 984 n. 1 (11th Cir.2008).

2. The district judge who presided over Gamino's trial and sentencing also heard Gamino's § 3582(c)(2) motion.