[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13962
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-20402-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE GUILLERMO ORTIZ,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(August 16, 2019)

Before WILLIAM PRYOR, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Jose Ortiz appeals his 70-month sentence after pleading guilty to one count of possession with intent to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(B)(viii).  On appeal, Mr. Ortiz challenges his 70-month sentence as substantively unreasonable.  Mr. Ortiz argues that the district court improperly attempted to avoid sentencing disparities between himself and his co-conspirators by categorizing him as "similarly situated" to them, did not properly consider all of the 18 U.S.C. § 3553(a) factors, and afforded too much weight to his criminal history.  For the following reasons, we affirm.

## I

In November of 2017, Mr. Ortiz—along with co-conspirators Andrew Ronald Lord and Jeremy Robert Macroy—agreed to purchase, package, and ship 430 grams of methamphetamine from Mr. Ortiz's apartment in San Francisco to Mr. Lord in Broward County.

The men followed through with their plan to ship the methamphetamine and, on November 15, 2017, a police K-9 alerted officers to the presence of narcotics inside a package at the UPS store in Hollywood, Florida.  Mr. Lord was subsequently confronted by law enforcement after he took possession of the package at the store.

Mr. Lord agreed to cooperate with law enforcement.  His cooperation led law enforcement to Mr. Macroy, who later accepted a parcel that he believed contained methamphetamine.  Subsequent to his arrest, Mr. Macroy also agreed to cooperate.

In February of 2018, Mr. Macroy introduced Mr. Ortiz to an undercover agent, and Mr. Ortiz agreed to sell the agent $5400 worth of methamphetamine. The two continued planning the drug transaction, and, on March 6, 2018, Mr. Ortiz was arrested. He admitted to shipping methamphetamine to Mr. Macroy in November of 2017, and also agreed to cooperate with law enforcement. His cooperation did not lead to another arrest, however, because the government determined that the quantity Mr. Ortiz's source could deliver was insufficient to warrant a sting operation. The government therefore did not seek a downward departure for Mr. Ortiz.

At sentencing, the district court considered the following factors, among others: the crime itself; Mr. Ortiz's attempt to cooperate; his criminal history—including the infliction of corporal injury on a spouse and the infliction of injury upon a child; the heroin addiction of Mr. Ortiz's son; Mr. Ortiz's situation relative to his co-conspirators; the co-conspirators' sentences; and the advisory sentencing guidelines range of 70–87 months.[1]

---

[1] Mr. Macroy's advisory guidelines range was set at the 120-month statutory minimum term of imprisonment but, due to his cooperation, he was sentenced to 80 months' imprisonment. Mr. Lord, who also received a reduction for his cooperation, was sentenced to 75 months' imprisonment.

## II

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard that takes into account the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 46–51 (2007). We will not vacate a sentence unless "the district court abused its discretion by committing a clear error in judgment." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (citation and quotation marks omitted). And as long as the record indicates that the district court considered the pertinent § 3553 factors, we will not reverse for a mere failure to "articulate specifically the applicability—if any—of each of the . . . factors." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). Given this deferential standard of review, we rarely overrule a district court's sentencing decision as substantively unreasonable. *See United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013).

## III

We look to the factors set forth in 18 U.S.C. § 3553(a) when determining whether a sentence is substantively reasonable. *See Rosales-Bruno*, 789 F.3d at 1260. These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and applicable sentencing range; (5) any pertinent policy statement; (6) the need to avoid

4

unwarranted sentence disparities among defendants with similar records guilty of similar conduct; and (7) the need to provide restitution to any victims.

We have determined that a district court abuses its discretion in three circumstances. They are when it "(1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors." *See Rosales-Bruno*, 789 F.3d at 1256. We have further explained that "we may not—it bears repeating—set aside a sentence merely because we would have decided that another one is more appropriate." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc).

When a sentence falls well below the statutory maximum it "is an indicator of a reasonable sentence." *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). Mr. Ortiz not only received a sentence that is far below the sentence authorized, but he also received the shortest sentence relative to his co-conspirators.

On appeal, Mr. Ortiz relies on § 3553(a)(1) and § 3553(a)(6) to argue that his 70-month imprisonment is substantively unreasonable. We disagree.

### A

The § 3553(a)(1) analysis requires an examination of the defendant's characteristics, history, and the entirety of the offensive conduct. Mr. Ortiz claims that his criminal history—which included "inflict[ing] corporal injury on [a] spouse"

5

and "inflict[ing] injury upon [a] child"—was given too much weight and impacted his sentence too severely.  The district court explained that Mr. Ortiz's criminal history negated his willingness to cooperate because his cooperation did not lead to any arrests or discoveries.  Mr. Ortiz contends that his criminal history should not completely diminish his cooperation and should further distinguish him from his co-conspirators.

The § 3553(a)(1) analysis extends further than criminal history and includes other characteristics which the district court correctly considered.  As the district court explained, not only did Mr. Ortiz have a violent criminal record, but he was also a user and seller of illegal drugs.  As explained in *Pugh,* a district court may give one § 3553(a) factor more weight than others, and—if the sentence is reasonable considering the totality of the circumstances—it is not up to the appellate courts to reweigh those factors.  *See Pugh*, 515 F.3d at 1191.  We cannot find an abuse of discretion.

**B**

The § 3553(a)(6) factor seeks to ensure that similarly situated individuals do not receive significantly different sentences for similar crimes.  Mr. Ortiz claims that the district court incorrectly categorized him as similarly situated to his co-conspirators and erroneously relied on this comparison to ensure that he was given an adequate sentence.

We have held that it is error to treat criminal defendants alike where the comparison is to individuals who have committed less serious offenses, do not have extensive criminal histories, or have pled guilty instead of proceeding to trial. *See United States v. Jayyousi*, 657 F.3d 1085, 1118 (11th Cir. 2011). Mr. Ortiz attempts to distinguish himself from his co-conspirators by asserting that the circumstances leading up to this crime are unique to his situation. He describes Mr. Macroy as a seasoned drug dealer, and Mr. Lord as "trying to get into the meth game." Mr. Ortiz contrasts their situations by asserting that his involvement came about only as a favor to Mr. Macroy. Mr. Ortiz explains that the reward he would have received—getting high and having intercourse—is unlike the money which the other conspirators would have received from this offense, so he reasons he is not similarly situated to his co-conspirators.

As the district court explained, Mr. Ortiz's and his co-conspirators' circumstances are not so dissimilar, and they all share an important characteristic: pleading guilty to one count of conspiracy to possess with intent to distribute methamphetamine. According to the district court, even if the individual rewards for carrying out the offense were not exactly the same, both sex and money provide a similar benefit: pleasure. We have held that "[w]hile motive may be a valid concern at sentencing, it cannot obliterate the knowing, deliberate, and repeated means by which [the] crime was committed." *Pugh*, 515 F.3d at 1193. Here, Mr.

7

Ortiz knew that he possessed nearly a pound of methamphetamine and knew what Mr. Macroy intended to do with it.  The district court did not abuse its discretion.

## C

Mr. Ortiz argues that the district court did not consider several other § 3553(a) factors in determining his sentence. He asserts that "it must be presumed that [the district court] failed to consider [other § 3553(a) factors]" because there was no mention of them.  This reasoning does not comport with our precedent.  *See Irey*, 612 F.3d at 1195 (stating that "no member of this Court has ever before indicated that a sentencing judge is required to articulate his findings and reasoning with great detail or in any detail for that matter").

The government responds that the district court did consider all of the § 3553(a) factors, and that even if it failed to articulate a few of those factors, Mr. Ortiz still received the lowest sentence out of all the individuals involved in the conspiracy—the very bottom of the advisory range.  We will only vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Overstreet*, 713 F.3d 627, 636 (11th Cir. 2013).  We are left with no such conviction here.

8

**D**

Mr. Ortiz briefly compares the sentencing disparity between pure methamphetamine and methamphetamine mixtures to the sentencing disparity between crack cocaine and powder cocaine found to be unreasonable in *Kimbrough sev. United States*, 552 U.S. 85 (2003). We note that the Court in *Kimbrough* empowered district courts with the discretion to depart from the guidelines when a substance-related disparity yielded a sentence greater than necessary to achieve the aims of § 3553. *See Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013). "[B]ut it did not command them to exercise it." *Id.*

Mr. Ortiz does not provide any reasoning to support his assertion that the district court should have considered rejecting the methamphetamine guidelines and only juxtaposes them with the guidelines for crack cocaine. We conclude that the district court did not abuse its discretion by declining to vary downwards because of a policy disagreement with the methamphetamine guidelines.

**IV**

For the foregoing reasons, we affirm Mr. Ortiz's 70-month sentence.

**AFFIRMED.**