[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13296
Non-Argument Calendar

_____

D.C. Docket No. 1:99-cr-00125-KMM-11

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL G. HARPER,
a.k.a. Cuban Mike,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 11, 2021)

Before WILSON, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Michael Harper appeals the district court's denial of relief under the First

Step Act. Because the district court did not abuse its discretion, we affirm.

I.

In 2000, a jury found Harper guilty of one count of conspiracy to possess with intent to distribute cocaine powder and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Harper to life imprisonment, which was the statutory maximum and the U.S. Sentencing Guidelines Manual sentence. *See* 21 U.S.C. § 841(b)(1) (2000); U.S.S.G. § 2A1.1 (2000). This Circuit affirmed his conviction and sentence on direct appeal. *See United States v. Baker*, 432 F.3d 1189 (11th Cir. 2005).

After the First Step Act was enacted, Harper filed a motion to reduce his sentence, citing developments in the law that changed the applicable statutory penalty. The district court denied his motion, determining that he was ineligible for a sentence reduction because his guideline range had not changed. He then moved for reconsideration of that order; following this Court's decision in *United States v. Jones*, both parties filed supplemental briefing on the issue. *See* 962 F.3d 1290 (11th Cir. 2020). The district court again denied relief; this time it concluded that Harper was eligible for a sentence reduction, but denied relief because a "downward departure" from the Guidelines recommended sentence would be inappropriate.

This appeal followed.

2

II.

We review the district court's denial of an eligible movant's request for a reduced sentence under the First Step Act for abuse of discretion. *Jones*, 962 F.3d at 1296.

III.

Harper first contends that the district court mistakenly found him ineligible for relief, pointing to its statement that he was not "entitled" to a sentence reduction. But being "entitled" to a discretionary form of relief is not the same as being "eligible," and the district court clearly concluded that Harper was *eligible* for a reduction. After discussing this Court's decision in *Jones*, the court stated that Harper had a "covered offense" because the district court sentenced him for a violation of § 841 for which section two of the Fair Sentencing Act modified the statutory penalties. *See* 962 F.3d at 1298; *see also* First Step Act § 404(a). Specifically, the court noted that his offense involved crack cocaine and triggered the higher penalties provided for in § 841(b)(1)(A)(iii). Unlike its initial order, the court's final order did not imply that eligibility turned on whether the guideline range had changed; instead, the court discussed Harper's guideline range only to

explain why it was declining to exercise its discretion to reduce his sentence below that recommendation.[1]

Next, Harper contends that the court abused its discretion by not discussing the 18 U.S.C. § 3553(a) factors when denying his motion. Although courts are required to consider the § 3553(a) factors at the initial sentencing, we have not yet decided whether courts must consider them when deciding a motion to reduce a sentence under the First Step Act. *Cf. Jones*, 962 F.3d at 1304. No matter. We need not decide this question to resolve Harper's appeal because even if the district court was required to look at the § 3553(a) factors, we conclude that it did so here.

When a court is required to consider the § 3553(a) factors, it does not err by failing to specifically articulate the applicability of each factor. *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). Instead, it is enough if the record taken as a whole demonstrates that the court took into account the pertinent factors. *Id.* Where the parties discuss the applicable § 3553(a) factors in their briefing, the district court's statement that it considered those submissions is sufficient to demonstrate that it took the statutory factors into account before making its decision. *Id.* at 1322–23; *see also United States v. Smith*, 568 F.3d 923, 927–28 (11th Cir. 2009).

---

[1] Harper argues that the district court erroneously thought the Guidelines were mandatory. But the district court's order says the opposite: "Even if the life sentence provided in § 2A1.1 is not mandatory, the Court finds that a downward departure would be inappropriate."

4

Though the district court did not explicitly mention § 3553(a) in its order, the record reflects that the district court took the relevant factors into account. The court's final order stated that it considered Harper's motions and both parties' supplemental briefing; those filings discussed the applicable § 3553(a) factors. *See Eggersdorf*, 126 F.3d at 1322–23. In fact, as Harper himself admits, his filings offered the court "substantial information regarding those factors." What's more, the court discussed the applicability of U.S.S.G. § 2A1.1 and calculated Harper's guideline range, a relevant factor under § 3553(a)(4). Even further, the judge who denied this motion was the same judge who presided over Harper's trial and original sentencing. He had already heard and considered arguments regarding the nature and circumstances of the offense and Harper's criminal history, relevant under § 3553(a)(1). *See Eggersdorf*, 126 F.3d at 1323. So viewed as a whole, the record reflects that the district court adequately considered the § 3553(a) factors before denying Harper's motion. *Smith*, 568 F.3d at 927–28.

To the extent that Harper argues that the district court erred in its ultimate decision to deny relief, that challenge also fails. District courts have "wide latitude" to determine whether and how to exercise their discretion to reduce a sentence under the First Step Act; nothing requires a court to reduce a defendant's sentence. *Jones*, 962 F.3d at 1304. And because of the considerable discretion

courts receive, we cannot say that the district court abused its discretion in

determining that a below-Guidelines sentence would be inappropriate.[2]

**AFFIRMED.**

---

[2] Harper also asks this Court to reconsider its holding in *Jones* that, in deciding motions for reduced sentences under the First Step Act, district courts can rely on earlier judge-found facts that triggered statutory penalties. *See* 962 F.3d at 1302. But we cannot reconsider that holding. A prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or this Court sitting en banc. *United States v. Batson*, 818 F.3d 651, 662 (11th Cir. 2016).