[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13769
Non-Argument Calendar
_____

D. C. Docket No. 97-00018-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH MICHAEL HARDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(April 6, 2009)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Michael Hardy appeals pro se from the district court's partial denial
of his motion for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2).
Finding Hardy eligible for relief under Amendment 706 to the Sentencing

Guidelines, the district court reduced Hardy's sentence to the mid-point of his amended guideline range, but denied his request to reduce his sentence further. On appeal, Hardy argues that the district court abused its discretion by failing to consider the 18 U.S.C. § 3553(a) factors when it modified his sentence pursuant to Amendment 706. After thorough review, we affirm.

We review "a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Under § 3582, a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed. R. Crim. P. 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in § 2D1.1(c).

2

U.S.S.G. App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. See id. The Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

In determining whether to reduce a defendant's sentence, the district court must engage in a two-part analysis. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). First, the district court must calculate the defendant's amended guideline range and determine what sentence it would have imposed under this amended range. Id. Second, the district court must decide, after analyzing the § 3553(a) factors, whether to impose the amended sentence on the defendant. Id. at 781. The district court need not "articulate specifically the applicability -- if any -- of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). However, if the district court fails to "address the § 3553(a) factors," we must vacate and remand the case back to the district court. United States v. Williams, __ F.3d __, Case No. 08-11361, 2009 WL 294325, *2-*3 (11th Cir. Feb. 9, 2009). In Williams, we vacated and

3

remanded a sentencing decision in which the district court summarily granted the defendant's motion for a sentencing reduction without discussing the § 3553(a) factors, and the record made it impossible to determine, on appeal, whether the district court actually had considered the § 3553(a) factors. Id.

The record here shows that although the district court did not expressly discuss the 18 U.S.C. § 3553(a) factors in resentencing Hardy, there is sufficient evidence to demonstrate that the court considered them. As an initial matter, Hardy's motion for reduction of sentence listed all of the § 3553(a) factors "word for word" and made two substantive arguments with regard to those factors: (1) an argument concerning the crack/cocaine sentencing disparity; and (2) his post-conviction rehabilitation. His motion therefore is somewhat similar to the defendant's motion in Eggersdorf, which also provided all of the pertinent § 3553(a) factors. 126 F.3d at 1322. Moreover, as in Eggersdorf, the same district court presided over both Hardy's original sentencing and resentencing. See id. Also noteworthy are the facts that the district court sentenced Hardy at the mid-point of his advisory guidelines range, and that the district court's form order expressly said that the court was making a ruling after having "considered [Hardy's] motion" -- which, as discussed above, expressly included the § 3553(a) factors. On this record, we cannot say that there is no evidence to suggest that the

4

district court actually considered the § 3553(a) factors, as in <u>Williams</u>, 2009 WL 294325, *2-*3. To the contrary, the district court's order said that it had reviewed Hardy's motion, which detailed the factors, and the district court presided over Hardy's original sentencing and resentencing, and resentenced Hardy in the middle of the guidelines range -- all of which provide ample evidence for us to conclude that the district court considered the pertinent factors before resentencing Hardy.[1]

Accordingly, we affirm.

**AFFIRMED.**

---

[1] We recognize that the government here had not responded to Hardy's motion, unlike in <u>Eggersdorf</u>, where the district court had "specifically referenced" the government's opposition, which had set out elements relevant to the inquiry under § 3553(a) that were supported by the record. <u>Id.</u> at 1323. However, because Hardy's motion included this discussion, there are sufficient "reasons" on which we could assume it implicitly relied. <u>See id.</u>