[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2009
THOMAS K. KAHN
CLERK

No. 08-15996
Non-Argument Calendar
_____

D. C. Docket No. 97-00128-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC DARNEL TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 13, 2009)

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

Appellant Eric Darnell Taylor, proceeding *pro se*, appeals the district court's

order granting his 18 U.S.C. § 3582(c)(2) motion for sentence reduction, based on Amendment 706 to the Sentencing Guidelines. On appeal, Taylor argues that the court abused its discretion by failing to consider the 18 U.S.C. § 3553(a) factors in determining the extent to which a reduction was warranted. Taylor further argues that the court should have granted more than the two-level reduction that was authorized by Amendment 706, and that the guidelines policy statements limiting the court's discretion in reducing a sentence are invalid in light of *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and *Kimbrough v. United States*, 552 U.S. __, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007).

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). We review a district court's decision whether to reduce a defendant's sentence pursuant to § 3582(c)(2) for an abuse of discretion. *United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003).

A district court may reduce a defendant's sentence if he has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In

2

determining whether to reduce a defendant's sentence under § 3582(c)(2), the district court must engage in a two-step analysis:

> First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact . . . Second, in light of the conclusion reached in the first step, the court *must* consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.

*United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) (citations omitted, emphasis added). The applicable policy statements instruct that, in considering whether and to what extent a reduction is warranted, the court *shall* consider the § 3553(a) factors and public safety concerns, and it may consider the defendant's post-sentencing conduct. U.S.S.G. § 1B1.10, comment. (n.1(B)) (emphasis added).

We have held that "a district court commits no reversible error by failing to articulate specifically the applicability—if any—of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997). However, we recently vacated and remanded the *grant* of a § 3582(c)(2) reduction where the record failed to indicate whether the district court considered the § 3553(a) factors. *United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009).

After reviewing the record, we conclude that the district court correctly calculated Taylor's amended offense level and reduced guideline range. Contrary to Taylor's contention on appeal, the district court was not permitted to reduce his offense level beyond the two-level reduction authorized by Amendment 706. However, the district court's order granting the reduction to the middle of the amended range provides only that the court considered Taylor's § 3582(c)(2) motion. Because Taylor's motion contained no analysis of the specific factors that were relevant to the § 3553(a) inquiry, except for Taylor's post-conviction conduct, and the district court did not otherwise explain its decision, the record does not clearly indicate whether the court properly considered the pertinent factors. As a result, we vacate and remand for further consideration and explanation.

**VACATED AND REMANDED.**