[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11534
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-00150-CR-ORL-19-GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ALBERT LEWIS,
a.k.a. Slim,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 31, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

William Albert Lewis, a federal prisoner convicted of a crack cocaine offense, appeals through counsel the sentence the district court imposed after granting his pro se motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706, which lowered the base offense levels applicable to offenses involving crack cocaine. The district court found that Amendment 706 reduced Lewis's guideline sentencing range from 324 to 405 months to 262 to 327 months, and imposed a sentence of 262 months' imprisonment. On appeal, Lewis argues that the district court erred by failing to consider his arguments under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); and 18 U.S.C. § 3553(a) to determine whether a further reduction was appropriate. For the reasons set forth below, we affirm.

## I.

"In a proceeding to modify a sentence under 18 U.S.C. § 3582(c)(2), we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002). Under § 3582(c)(2), a district court may modify a defendant's term of imprisonment where he "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by

2

the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Any such reduction must also be consistent with the Commission's applicable policy statement in U.S.S.G. § 1B1.10. See id.

When considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. "Initially, the court must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). Next, the court must decide, in light of the § 3553(a) factors and in its discretion, whether it will impose the newly calculated sentence or retain the original sentence. Id. at 781.

## II.

Lewis's Apprendi argument lacks merit, because the district court was not authorized to consider this argument in the context of a § 3582(c)(2) proceeding. U.S.S.G. § 1B1.10(b)(1) ("[T]he court shall substitute only the [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."); see United States v. Melvin, 556 F.3d 1190, 1190 (11th Cir.) ("hold[ing] that a district court is bound by the limitations on its discretion

imposed by § 3582(c)(2) and the applicable policy statements by the Sentencing Commission") (emphasis added), cert. denied, 129 S.Ct. 2382 (2009).

With regard to Lewis's reasonableness argument, the district court specifically stated that it had considered the § 3553(a) sentencing factors and, in light of these factors, found the 262-month sentence to be reasonable. See United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997) (holding that the district court, in ruling on a § 3582 motion, need not "articulate specifically the applicability – if any – of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court"). Finally, to the extent that Lewis argues that Booker and Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), apply to § 3582(c)(2) proceedings, his arguments are foreclosed by precedent. See Melvin, 556 F.3d at 1190; U.S.S.G. § 1B1.10(b)(2)(A) (prohibiting reduction to a "term that is less than the minimum of the amended guideline range"). Accordingly, upon review of the record and consideration of the parties' briefs, we affirm Lewis's 262-month sentence.

**AFFIRMED.**