[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11434
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00128-CR-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAIPHAEL BERNARD WILLIAMS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 29, 2009)


Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Raiphael Williams appeals the District Court's refusal to reduce his sentence under 18 U.S.C. § 3582 and to appoint an attorney for the purpose of the sentence reduction hearing. No reversible error has been shown; we affirm.

Petitioner filed a section 3582(c)(2) motion for a reduction in sentence. After his conviction, the Sentencing Commission amended the cocaine base sentencing guidelines and gave the amendments retroactive application. Petitioner timely filed for a reduction in accordance with the new guidelines, and the District Court refused to reduce his sentence.

We review a District Court's resolution of a section 3582 motion for abuse of discretion. United States v. Vautier, 144 F.3d 756, 759 (11th Cir. 1998).

In first addressing the District Court's decision not to provide counsel, we are bound by clear precedent, which says this matter is within the District Court's discretion. United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009). We will not disturb the District Court's decision on this matter.

We next turn to the substance of Petitioner's argument: the District Judge abused his discretion in refusing to reduce the sentence. Petitioner claims that the District Court failed to address all of the section 3553(a) factors in evaluating his section 3582(c)(2) motion and that the decision, as a general matter, was an abuse

of discretion.

After determining what the Petitioner's base level would be under the amended guidelines -- a step the District Court performed -- the District Court must "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). A District Court does not commit reversible error "by failing to articulate specifically the applicability -- if any -- of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account by the district court." United States v. Eggersdorf, 126 F.3d 1318, 1322 (11th Cir. 1997). The District Court, in its order, specifically addresses the nature and circumstances of the offense and the history of the defendant, as well as the need for the sentence imposed. The District Court also explicitly stated that it reviewed section 3553(a).

Petitioner's other assertion -- that the sentence is an abuse of discretion in a more general sense -- is also without merit. Petitioner cites a factually different case and takes the District Court's statements out of context. We are not persuaded. Petitioner submits that the District Court erred in assuming the Petitioner would commit future crimes. Because section 3553(a)(2)(C) specifically provides that factor for District Court guidance, and because Petitioner's criminal

3

history clearly indicates future criminal activity, this assertion is without merit.

The District Court's decision was not an abuse of discretion.

AFFIRMED.