[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13875
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 12, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00120-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL PLANCARTE-SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 12, 2010)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Miguel Plancarte-Sanchez appeals his 65-month sentence following his

guilty plea to illegal re-entry of an aggravated felon in violation of 8 U.S.C.

§ 1326(a) and (b)(2). On appeal, he argues that the sentence imposed by the

district court was greater than necessary to achieve the goals of sentencing set forth

in 18 U.S.C. § 3553(a)(1) because although the court mentioned the seriousness of

his offense and his criminal history, it never discussed or specifically referenced

the mitigating circumstances he had raised. Thus, he contends that meaningful

appellate review of his sentence is not possible.

We review the final sentence imposed by the district court for

reasonableness. *United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008).

The Supreme Court has clarified that the reasonableness standard means review for

abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169

L.Ed.2d 445 (2007). "[T]he burden of establishing that the sentence is

unreasonable in light of the record and the § 3553(a) factors lies with the party

challenging the sentence." *Williams*, 526 F.3d at 1322.

Once we conclude that the district court made no procedural errors, we then

consider "the substantive reasonableness of the sentence," under the totality of the

circumstances. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. In conducting this review,

we will look to see whether the district court considered the § 3553(a) factors;

however, "[t]he weight to be accorded any given § 3553(a) factor is a matter

2

committed to the sound discretion of the district court." *Williams*, 526 F.3d at 1322 (quotation omitted). Moreover, there is no requirement that the district court explicitly discuss its consideration of each of the § 3553(a) factors on the record, as long as the sentencing judge "set[s] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). An acknowledgment by the district court that it has considered the defendant's arguments and the § 3553(a) factors is sufficient to meet this requirement. *See United States v. Scott*, 426 F.3d 1324, 1330 (11th Cir. 2005). However, even in the absence of an express acknowledgment that it considered the § 3553(a) factors, a district court's explanation is sufficient if it is clear from the record that the court did in fact consider those factors. *See id.* at 1329 (citing *United States v. Eggersdorf*, 126 F.3d 1318, 1323 (11th Cir. 1997) (reviewing defendant's motion to reduce sentence and stating that "when – as here – the record shows that the district court considered the pertinent section 3553(a) factors, the district court does not abuse its discretion in declining to detail its determinations")). Moreover, a district court's failure to specifically discuss the arguments a defendant makes in mitigation does not lead to the conclusion that "the court erroneously 'ignored' or failed to

3

consider this evidence in determining [the defendant's] sentence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

Section 3553(a) provides that district courts must consider, *inter alia*, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) the need to protect the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6).

In *Rita*, the Supreme Court held that, in reviewing sentences for reasonableness under § 3553(a), a federal appellate court may apply a presumption of reasonableness to a district court sentence imposed within the guideline range. *Rita*, 551 U.S. at 347, 127 S.Ct. at 2462. Although we do not apply such a presumption, we will "ordinarily . . . expect a sentence within the guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, the sentence imposed by the district court was not unreasonable because the court implicitly considered the § 3553(a) factors and was not required to expressly discuss its reasons for rejecting Plancarte-Sanchez's mitigating

arguments.  Therefore, the district court did not abuse its discretion.  Accordingly,

based on our review of the record and the parties' briefs, we affirm.

**AFFIRMED.**