[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11841
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60284-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM LANIER,
a.k.a. Red,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 28, 2011)

Before BARKETT, HULL and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant William Lanier appeals his 188-month

sentence for two counts of conspiring to possess with intent to distribute more

than five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846.  On appeal, Lanier argues that the district court imposed a procedurally and substantively unreasonable sentence.  After review, we affirm.

We review the reasonableness of a sentence for abuse of discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first at whether the district court committed any significant procedural error, such as miscalculating the advisory guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence.  Id.  Then, we examine whether the sentence is substantively unreasonable under the totality of the circumstances.  Id.  Defendant Lanier bears the burden to show his sentence is unreasonable in light of the record and the § 3553(a) factors.[1]  United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

In this case, Defendant Lanier has not shown that his sentence is procedurally unreasonable. Contrary to Lanier's assertion, the district court explicitly stated that it had considered the § 3553(a) factors. The district court's statement that it had taken the factors into account was sufficient. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).

Defendant Lanier's argument that the district court relied solely on Lanier's criminal history in fashioning a sentence lacks merit. In addition to discussing Lanier's extensive criminal history, the district court stated that a 188-month sentence was necessary to protect the public from further criminal activity, command respect for the law and serve as a deterrent. Although the district court spent considerable time discussing Lanier's criminal history, it did so to explain why it was not persuaded by Lanier's argument that his criminal history warranted a downward variance. Moreover, even if the district court gave great weight to Lanier's criminal history, it was within its discretion to do so. See Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).

Defendant Lanier objects to the district court 's statement that Lanier had received "a little bit of a break" because four of his more serious prior convictions were not counted toward his criminal history score. This statement does not reflect an inappropriate consideration of Lanier's criminal history. Again, the

3

district court was explaining its reasons for denying Lanier's request for a downward variance, not fashioning a sentence based upon those four uncounted convictions.

We also cannot say the district court's 188-month sentence, at the low end of the advisory guidelines range of 188 to 235 months, is substantively unreasonable. Although we do not apply a presumption of reasonableness, we ordinarily expect a sentence within the correctly calculated guidelines range to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum (in this case forty years, pursuant to 21 U.S.C. § 841(b)(1)(B)) is another indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, Defendant Lanier acted as a "go-between" for a drug-trafficking organization, collecting $100 commissions for bringing customers to his suppliers. During three separate controlled buys over a fourth-month period, Lanier facilitated the sale of a total of 113.5 grams of crack cocaine. After one of the controlled buys, Lanier promised the confidential informant he could deliver any type and amount of drug the confidential informant wanted. While Lanier tries to minimize his role in the drug-trafficking organization, he did not request a minor-

role reduction and his role was essential to both the three transactions and the overall drug distribution conspiracy.

In addition, Defendant Lanier had an extensive criminal history and qualified as a career offender under the Sentencing Guidelines. Five of his scored prior convictions involved drug offenses. Lanier had over thirty prior convictions, some for drug offenses, that were not scored. The district court was within its discretion to conclude that Lanier's criminal history category of VI and career offender status did not over-represent the seriousness of his criminal history and to refuse Lanier's request for a downward variance on that basis.

The district court considered Lanier's argument that his status as a go-between earning only small commissions was a mitigating factor warranting a downward variance. However, the district court clearly concluded that this factor was outweighed by Lanier's serious criminal history and the need to protect the public, promote respect for the law and deter future crimes. Lanier has not given us a reason to disturb the district court's judgment. See United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2008) ("[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)).

Under the totality of the circumstances, we cannot say that the district court abused its discretion in imposing a 188-month sentence.

**AFFIRMED.**