[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13876
Non-Argument Calendar

_____

D.C. Docket No. 0:10-cr-60284-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM LANIER,
a.k.a. Red,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2021)

Before JORDAN, JILL PRYOR and GRANT, Circuit Judges.

PER CURIAM:

William Lanier appeals the denial of his motion for a sentence reduction under § 404(b) of the First Step Act, following a remand from this Court. Lanier argues that on remand the district court abused its discretion. After thorough review, we affirm.

I.

Lanier pled guilty to two counts of possessing with intent to distribute five grams of more of crack cocaine. *See* 21 U.S.C. § 841(a)(1). In the plea agreement, he stipulated that the drug-quantity amount used to calculate his base offense level at sentencing would be 113.5 grams of crack cocaine. Because the indictment alleged that each count involved five grams or more of crack cocaine, Lanier faced a statutory penalty range of between five and 40 years' imprisonment on each count.

At the sentencing hearing, the district court determined that Lanier qualified as career offender for purposes of the sentencing guidelines, *see* U.S.S.G. § 4B1.1(a), and calculated his guidelines range as 188 to 235 months' imprisonment. Lanier sought a significant downward variance, arguing that the sentencing factors set forth in 18 U.S.C. § 3553(a) supported a shorter sentence.[1]

---

[1] Section § 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training. 18 U.S.C. § 3553(a)(2). In imposing a sentence, a court also

The government opposed the request for a variance, arguing that the § 3553(a) factors, including the need to protect the public from further crimes of the defendant, warranted a sentence within the guidelines range.  To support its position, the government pointed out that Lanier had 39 arrests, 11 felony convictions, and 32 misdemeanor convictions.

Citing the need to protect the public from further criminal activity, the need to promote respect for the law, and the need to afford adequate deterrence, the court denied Lanier's request for a downward variance and imposed a sentence of 188 months.  Lanier appealed his sentence, and we affirmed.  *See United States v. Lanier* (*Lanier I*), 445 F. App'x 337 (11th Cir. 2011) (unpublished).

In 2019, Lanier filed a motion for a sentence reduction.  He sought the reduction under the First Step Act of 2018, which gave district courts the discretion to reduce the sentences of certain individuals with convictions for crack-cocaine offenses.  *See* Pub. L. No. 115-391 § 404, 132 Stat. 5194, 5222 (2018).  He argued that he was eligible for a sentence reduction under the First Step Act and urged the court to exercise its discretion to award him a reduction based on the § 3553(a) factors and evidence showing that he had been rehabilitated while in prison.  The

---

should consider:  the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id*. § 3553(a)(1), (3)–(7).

3

government opposed Lanier's request for a sentence reduction, arguing that he was ineligible under the First Step Act.   The district court agreed with the government and denied the motion.[2]

On appeal, we vacated the district court's order, holding that the district court had erred in concluding that Lanier was ineligible for a sentence reduction. *United States v. Lanier* (*Lanier II*), 826 F. App'x 791 (11th Cir. 2020) (unpublished).  We remanded so that the district court could determine whether "to exercise its discretion" to award Lanier a sentence reduction. *Id.* at 797.

On remand, the district court again denied Lanier's motion for a sentence reduction.  The court explained that Lanier had a covered offense and was eligible for a sentence reduction.  But after considering the guidelines range and the § 3553(a) factors, the court decided not to reduce Lanier's sentence.  It explained that Lanier had a lengthy criminal history, which included 11 prior felony convictions, and found that his 188-month sentence was "necessary to promote respect for the law and act as a deterrent." Doc. 150 at 3.[3]  In reaching this conclusion, the court noted that it had presided over Lanier's criminal case and had considered Lanier's motion for a sentence reduction, the government's response,

---

[2] After the court denied the motion, Lanier filed a motion for reconsideration.  The court denied the motion for reconsideration on the same ground, that Lanier was ineligible for a reduction under the First Step Act.

[3] "Doc." numbers refer to the district court's docket entries.

4

and the record in the case including the pre-sentence investigation report that the probation office had prepared.  Lanier again appeals.

## II.

We review for an abuse of discretion a district court's denial of an eligible movant's request for a reduced sentence under the First Step Act.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (internal quotation marks omitted).

## III.

Although we held in *Lanier II* that the district court had the authority to reduce Lanier's sentence, "it was not required to do so" and had "wide latitude" to determine whether to exercise its discretion to reduce the sentence.  *Jones*, 962 F.3d at 1304.  Lanier argues that the district court abused its discretion when it denied him a sentence reduction because it applied the "3553(a) factors in an unreasonable manner" when it failed to "fully consider" his "history and characteristics."  Appellant's Br. at 7, 9.

Although district courts are required to consider the § 3553(a) factors at an initial sentencing, *see Chavez-Meza v. United States*, 138 S. Ct. 1959, 1963 (2018),

we have not decided whether a district court must consider them when deciding whether to reduce an eligible movant's sentence under the First Step Act, *see United States v. Russell*, No. 19-12717, __ F.3d __, 2021 WL 1418288, at *6 (11th Cir. Apr. 15, 2021); *Jones*, 962 F.3d at 1304. We need not decide this question to resolve this appeal because even assuming the district court was required to look to the § 3553(a) factors, we cannot say that the district court abused its discretion here.

To the extent that Lanier is arguing that the district court failed to adequately consider the § 3553(a) factors, his argument fails. When a district court is required to consider the § 3553(a) factors, it is not necessary for the district court to state on the record that it has considered each of the § 3553(a) factors or to discuss each § 3553(a) factor, so long as the record demonstrates that the district court took into account the "pertinent factors." *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997); *see United States v. Kuhlman*, 711 F.3d 1321, 1327–28 (11th Cir. 2013).

The record here reflects that the district court appropriately considered the § 3553(a) factors. It's true that in its order, the district court did not discuss or mention each § 3553(a) factor and did not directly address Lanier's history and characteristics. But the court stated that it considered Lanier's motion for a sentence reduction in which he relied on the § 3553(a) factors to argue that he

6

should receive a sentence reduction based on his post-sentencing rehabilitation. And the court not only explained that it had considered the § 3553(a) factors, it also discussed several specific § 3553(a) factors, including the need to promote respect for the law, the need for deterrence, and the applicable guidelines range. *See* 18 U.S.C. § 3553(a)(2)(A)–(B), (a)(4). Viewed as a whole, the record reflects that the district court adequately considered the § 3553(a) factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (concluding that district court adequately considered the § 3553(a) factors when the substance of its decision showed that it had considered several of the factors); *Eggersdorf*, 126 F.3d at 1322.

To the extent Lanier argues the district court erred in weighing the § 3553(a) factors because it should have given greater weight to his history and characteristics, including his post-sentencing rehabilitation, and less weight to other factors, such as the need to promote respect for the law and the need to afford adequate deterrence, his challenge also fails. We cannot say that the district abused its considerable discretion in deciding how to weight the § 3553(a) factors. *See United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

**AFFIRMED.**