[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12215
Non-Argument Calendar

_____

D.C. Docket No. 1:02-cr-20497-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THEODORE J. GRIFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2021)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Theodore Griffin, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion for compassionate release pursuant to 18 U.S.C.

§ 3582(c)(1)(A).  After careful consideration, we affirm.

## I

In 2003, Griffin was convicted of several offenses, including two counts of possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). At the time, under a "stacking" provision, his second conviction in violation of section 924(c) resulted in a mandatory consecutive 25-year sentence.  See 18 U.S.C. § 924(c)(1)(C) (2002).  The district court thus applied the stacking provision and sentenced Griffin to 630 months' imprisonment.

In 2018, the First Step Act amended the stacking provision such that the 25-year mandatory minimum did not apply to multiple section 924(c) convictions resulting from a single prosecution.  See First Step Act of 2018 § 403(a), Pub. L. No. 115-391, 132 Stat. 5194, 5221–22; see also United States v. Smith, 967 F.3d 1196, 1210 (11th Cir. 2020) (stating the 25-year mandatory minimum "does not apply to multiple § 924(c) convictions . . . resulting from a single prosecution").  However, the amendment to the stacking provision was not made retroactive.  See First Step Act § 403(b), 132 Stat. at 5222; see also Smith, 967 F.3d at 1210–13 (holding that the stacking provision does not apply retroactively).

In 2020, Griffin brought a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  Griffin argued that the amendment to the stacking provision was an extraordinary and compelling reason justifying compassionate release because had he been sentenced after the amendment, he would not have

2

been subject to the 25-year mandatory minimum.  The district court denied the motion, finding Griffin had "not demonstrated that extraordinary and compelling reasons justify his compassionate release."  This is Griffin's appeal.

## II

We review de novo whether a district court was authorized to modify a term of imprisonment.  United States v. Jones, 962 F.3d 1290, 1296 (11th Cir. 2020).  We review the denial of a motion for compassionate release under section 3582(c)(1)(A) for abuse of discretion.  United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).  We liberally construe pro se filings.  Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).  Section 3582(c)(1)(A) says a court "may" reduce a defendant's sentence "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  We understand Griffin to challenge the district court's ruling under section 3582(c)(1)(A) on two grounds, which we address in turn.

First, Griffin says the district court abused its discretion because it did not consider the section 3553(a) factors.  However, the record indicates the district court at least implicitly considered the section 3553(a) factors.  The district court

recognized it had to consider the section 3553(a) factors. The district court also said it "considered [Griffin's] Motion, the pertinent portions of the record, and [was] otherwise fully advised in the premises." Griffin's motion, in turn, addressed the section 3553(a) factors. The court's implicit consideration is sufficient under our precedent. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (holding that the sentencing court considered the section 3553(a) factors, notwithstanding its "failure to explicitly articulate that it had considered" the factors, "by virtue of the court's consideration of [the defendant's] objections and his motion for a downward departure"); United States v. Eggersdorf, 126 F.3d 1318, 1322–23 (11th Cir. 1997) (holding that the sentencing court considered the section 3553(a) factors because the court reviewed the defendant's motion, which "set out the pertinent section 3553(a) factors word for word").

Second, Griffin says "anything [can] be considered as extraordinary and compelling reasons to justify a sentence reduction," and thus the district court should have found that the amendment to the stacking provision, his post-sentencing rehabilitation, and a number of other things were extraordinary and compelling reasons justifying a sentence reduction. Griffin's argument is foreclosed by our precedent. See United States v. Bryant, ___ F.3d ___, No. 19-14267, 2021 WL 1827158, at *1–2 (11th Cir. May 7, 2021). In Bryant, a panel of this Court held that "extraordinary and compelling reasons" are limited to those

4

listed in the U.S. Sentencing Commission's policy statement found in United States Sentencing Guideline § 1B1.13.  Id. at *1.  Section 1B1.13 lists four extraordinary and compelling reasons: the medical condition of the defendant, the age of the defendant, family circumstances, and other reasons as determined by the Bureau of Prisons.  USSG § 1B1.13 cmt. n.1.  The Bryant panel also held that "other reasons" are limited to those determined by the Bureau of Prisons, not by courts.  See Bryant, 2021 WL 1827158, at *1–2.  Griffin does not argue that one of the extraordinary and compelling reasons listed in section 1B1.13 or that one of the "other reasons" determined by the Bureau of Prisons applies in this case.[1]  We therefore cannot say the district court erred in denying his motion for compassionate release.

**AFFIRMED.**

---

[1] In his reply brief, Griffin says he may be susceptible to heart disease and the prison in which he is currently housed is a COVID-19 "hot-spot."  But as he acknowledges, he did not raise these issues before the district court.  Nor did he raise them in his initial brief.  We therefore cannot consider these issues.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (quotation marks omitted)); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("[W]e do not address arguments raised for the first time in a pro se litigant's reply brief.").