[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14270

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

_versus_

JUNIOR SYLVIN,
a.k.a. Rah Rah,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:09-cr-20264-JLK-1

_____

Before JILL PRYOR, BRANCH, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Junior Sylvin, a federal prisoner serving a 211-month sentence for firearm and drug offenses, appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018.[1]  On appeal, Sylvin argues that extraordinary and compelling reasons warrant his release, specifically the COVID-19 health crisis.  He also contends that the district court failed to consider his mitigating arguments and erred by considering only the seriousness of his underlying offense and his leadership role enhancement to the exclusion of the remaining 18 U.S.C. § 3553(a) factors in denying his motion.  After reading the

---

[1] Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act").

parties' briefs and reviewing the record, we affirm the district court's order denying Sylvin's motion for compassionate release.

## I.

We review a district court's order denying a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Id.* (quotation marks omitted). A district court also abuses its discretion when it fails to consider the § 3553(a) sentencing factors when Congress has expressly required it. *United States v. Cook*, 998 F.3d 1180, 1183-84 (11th Cir. 2021).

## II.

District courts lack the inherent authority to modify a term

of imprisonment but may do so to the extent permitted under

§ 3582(c)'s provisions.  18 U.S.C. § 3582(c); *United States v. Jones*,

962 F.3d 1290, 1297 (11th Cir. 2020).  As amended by § 603(b) of

the First Step Act, that section now provides, in relevant part,

that:

> the court, upon motion of the Director of the
> [BOP], or upon motion of the defendant after the
> defendant has fully exhausted all administrative
> rights to appeal a failure of the [BOP] to bring a
> motion on the defendant's behalf or the lapse of 30
> days from the receipt of such a request by the war-
> den of the defendant's facility, whichever is earli-
> er, may reduce the term of imprisonment . . . , after
> considering the factors set forth in section 3553(a)
> to the extent that they are applicable, if it finds
> that . . . extraordinary and compelling reasons war-
> rant such a reduction . . . and that such a reduction
> is consistent with applicable policy statements is-
> sued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).  In other words, the district court

may deny relief due to the fact the defendant is not statutorily eli-

gible because no extraordinary and compelling reasons exist, or because relief would be inappropriate under the Section 3553(a) factors, or (as the district court did in this case) for both reasons.

The policy statement applicable to § 3582(c)(1)(A) is found in § 1B1.13.  *See* U.S.S.G. § 1B1.13.  In addition to determining that extraordinary and compelling reasons warrant a reduction, § 1B1.13 states that the district court must also determine that the defendant is not a danger to the safety of others or to the community, as provided in 18 U.S.C. § 3142(g), and that the reduction is consistent with the policy statement.  *Id.* § 1B1.13(2), (3).

As relevant here, the commentary lists a defendant's medical condition as possible "extraordinary and compelling reasons" warranting a sentence reduction.  *Id.* § 1B1.13, comment. (n.1).  A defendant's medical condition may warrant a sentence reduction if he (1) has a terminal disease, or (2) is suffering from a physical

or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). Deteriorating mental or physical health resulting from the aging process also may constitute an extraordinary or compelling reason for granting a sentence reduction. *Id.* A prisoner's rehabilitation is not, by itself, an extraordinary and compelling reason warranting a sentence reduction. *Id.*, comment. (n.3). In a recent opinion, we concluded that the policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts cannot reduce a sentence under § 3582(c)(1)(A) unless it would be consistent with § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021).

We have also held that, at least in cases where extraordinary or compelling circumstances exist, an order granting or

denying compassionate release under § 3582(c)(1)(A)(i) must indicate that the district court has considered "all applicable § 3553(a) factors." *Cook*, 998 F.3d at 1184. Under § 3553(a), a district court's sentence must be sufficient, but not greater than necessary, to achieve the goals of sentencing, which are: reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring future criminal conduct, protecting the public, and providing the defendant with any needed training or treatment. 18 U.S.C. § 3553(a)(2). Section 3553(a) also requires district courts to consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the Sentencing Guidelines, any pertinent policy statement, the need to avoid disparate sentences, and the need to provide restitution to any victims. *Id.* § 3553(a)(1), (3)-(7).

The weight given to any of the § 3553(a) factors is committed to the sound discretion of the district court. *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). Even so, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

In situations where consideration of the § 3553(a) factors is mandatory, district courts do not need to address "each of the § 3553(a) factors or all of the mitigating evidence." *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021). Instead, an acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient. *Id.* at

20-14270                Opinion of the Court                  9

1354-55. A sentence may be affirmed if the record indicates that the district court considered some of the factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007) (affirming the appellant's sentence because, even though the district court did not explicitly state that it had considered the § 3553(a) factors, the record showed that it considered several of them because it considered several facts and documents that implicated the factors); *see also United States v. Eggersdorf*, 126 F.3d 1318, 1322-23 (11th Cir. 1997) (concluding that, in the context of a § 3582(c)(2) motion, the district court's "short" order denying resentencing was sufficient because the court stated that it had reviewed the record and the parties' filings, which in turn discussed the § 3553(a) factors, and because the same judge presided over the defendant's original sentencing and resentencing).

### III.

10                    Opinion of the Court                    20-14270

As an initial matter, Sylvin has abandoned any challenge to the district court's order denying his request for reconsideration of the denial of his compassionate release motion because he has failed to brief this issue on appeal. Thus, we only address the court's order denying him compassionate release. *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998) (stating that we consider an argument abandoned when a defendant offers no argument on the issue on appeal).

Our review of the record convinces us that the district court properly considered the § 3553(a) factors. Although the district court did not have to address every § 3553(a) factor, it expressly acknowledged the factors and the parties' filings. *See Taylor*, 997 F.3d at 1354-55. Further, assigning more weight to the seriousness of Sylvin's offense more than the other factors was within the district court's discretion, and the record reflects that it

considered several § 3553(a) factors, given its statements and the parties' filings below.  Contrary to his contentions, Sylvin's role enhancement is relevant to § 3553(a) because it speaks directly to the nature and circumstances of his offense.  Additionally, the district court specifically mentioned its dissatisfaction that the safety of the public would be adequately protected if Sylvin were to be released.  Pursuant to the guidelines, a district court should not reduce a sentence if a defendant poses a danger to the safety of any person or the community.  *See* U.S.S.G. § 1B1.13(2).

As to his claim that the district court erred in not addressing the Presentence Investigation Report ("PSI"), Sylvin cites no authority requiring the court, in addressing a motion for compassionate release, to discuss the PSI specifically.  Moreover, the record reflects that the same judge who denied Sylvin's motion also

imposed his sentence, which further indicates that the court considered the appropriate factors and was familiar with Sylvin's case.

Based on the aforementioned reasons, we conclude that the district court did not abuse its discretion in weighing the § 3553(a) factors and in denying Sylvin's motion. Accordingly, we affirm the district court's order denying Sylvin's motion for compassionate release.

**AFFIRMED**.